RITZ METAL PRODUCTS, INC.,
Appellant,

v.

Alfred B. STAPLETON, Trustee,
Appellee.

Matter of RITZ PRODUCTS, INC.,
Debtor.

No. 5434.

United States Court of Appeals
First Circuit.

April 16, 1959.

William H. Edwards, Providence, R. I., with whom Ernest N. Agresti and Edwards & Angell, Providence, R. I., were on brief, for appellant.

Alfred B. Stapleton, Providence, R. I., with whom Graham, Reid, Ewing & Stapleton, Providence, R. I., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by Ritz Metal Products, Inc., the reorganized debtor, from an order of the United States District Court for the District of Rhode Island authorizing Alfred B. Stapleton, the trustee in reorganization, pursuant to an approved, accepted and confirmed plan of reorganization under Ch. X of the Bankruptcy Act, 52 Stat. 883 et seq. (1938), 11 U.S.C.A. § 501 et seq., to complete payment of a dividend amounting to approximately twenty-five per cent of its unsecured claim and one hundred per cent of its secured claim to Marine Finance Corporation, a creditor of the debtor corporation. The objection of the appellant to this payment is based on the ground that it should be offset by a debt alleged to be owing to the trustee from Marine Finance Corporation (hereinafter called Marine) arising out of excessive rent paid by the trustee during the period of his occupancy of premises owned by Marine.

From the record before us it appears that the original debtor, Ritz Products, Inc. (hereinafter called Ritz) signed a lease on February 6, 1957 with Marine for two floors of a building for a three year term. About three weeks thereafter, Ritz filed a voluntary petition for reorganization under Ch. X. Stapleton was thereupon appointed trustee and a plan of reorganization based upon the insolvency of the debtor was approved, accepted and confirmed. Following the confirmation of the plan the name of Ritz was to be changed to Ritz Metal Products, Inc., new officers were to be elected, and in consideration of, among other things, the payment of twenty-five per cent of the creditors' claims, as set forth in the plan, all assets were to be transferred to the reorganized corporation, Ritz Metal Products, Inc. (hereinafter called Metal). This transfer was made on May 2, 1958 and all outstanding matters have been settled with the exception of the claim of Marine.

The background of the failure to pay this claim is as follows: the trustee although occupying the leased premises did not assume the lease, as was permissible in the plan of reorganization, until May 2, 1958, the date of transfer of the assets of the trustee to Metal. During the period of his occupancy he had been paying a monthly rental of fifteen hundred dollars which was equal to that set forth in the lease and which he had independently determined was a fair rental for the occupied premises. The appellant does not argue that this was not a fair rental for the space actually occupied but does point out that the trustee did not occupy the entire two floors and that during the fourteen month period prior to the transfer of assets, portions of the leased two floors had been rented by Marine to other tenants from whom it had collected rent. Appellant maintains that by the assumption of this lease, the trustee became retroactively entitled to that portion of the monthly fifteen hundred dollars rental applicable to those portions of the two floors not occupied by the trustee and rented by Marine to other

tenants. The appellant further contends that it did not make this objection known to the trustee or the district court prior to the confirmation or the transfer of assets because it was unaware at that time of the words of the lease although the lease was a matter of public record.

After being made aware of the possible existence of this counterclaim several days after the transfer of assets, the trustee apparently made an investigation of the circumstances of the execution of the lease and stated in his petition for authorization to pay the claim of Marine that in his considered opinion there existed no valid legal basis for any setoff by the debtor against the claim of Marine. However, at the hearing on this petition the trustee orally expressed the desire that the district court pass on the question as to his responsibility to pursue the claim against Marine and stated that the court could not very well decide this question without considering the merits of the claim at least in part. The appellant also appeared at this hearing and similarly contended that there should be a hearing on the merits of the claim. The attorney for Marine, however, contended that the district court did not have to hear evidence as to the merits of the claim because upon the transfer of assets the claim became the property of Metal. He further argued that even assuming that the claim did not become the property of Metal, there was so little merit to it that the trustee should not be required to pursue it.

The district court, without hearing evidence as to the merits of the claim, decided that the final payment to Marine should be made. The grounds for holding the trustee was not obligated to withhold this final dividend, although not explicitly expressed in the district court's oral opinion, were indicated to be: the delay of Metal or the investors therein in making known this claim to the trustee until after the transfer of assets, the probable invalidity of the claim itself based upon the representations made by the parties in interest at the hearing, and the delay in consummation of the reor-

ganization through the imposition of the burden of pursuing this doubtful claim upon the trustee following the confirmation of the plan of reorganization by all parties concerned and the transfer of practically all the assets of the insolvent debtor to the reorganized corporation.

Neither of the parties to this appeal have been able to point to any precedent clearly in point on the issue presented to us here. That issue is whether the district court abused its discretion under the special circumstances presented here in authorizing the trustee to pay out this claim thereby absolving him of the responsibility of further pursuing the counterclaim for allegedly excessive rental paid during the trusteeship period.

It is clear that if this claim against Marine arose prior to the petition for reorganization or perhaps even prior to the confirmation of the plan, it would have to be either settled or adjusted in the reorganization plan or retained by the trustee and enforced by him pursuant to § 216(13)[1] of the Bankruptcy Act, 52 Stat. 895 (1938), 11 U.S.C.A. § 616. But here the claim not only did not accrue prior to the petition but became known only following the approval, acceptance and confirmation of the plan and the transfer of assets. Moreover, while this claim cannot be said to be the usual account receivable apparently intended to be excluded from the literally all encompassing coverage of § 216(13), it also cannot be said to have the nature of a claim for breach of fiduciary duty by the officers or directors of the debtor corporation which Congress certainly intended should be enforced under § 216(13) for the benefit of the creditors of the insolvent corporation. See 6 Collier on Bankruptcy, ¶ 10.22 n.18 (14th Ed. 1947). It would, therefore, seem evident that the mandatory aspects of § 216(13) of the Act are not applicable to the situation presented here. On the other hand, we do not accept the appellee's argument that because the claim was not specifically retained by the trustee in the plan of reorganization, which was impossible as he did not know of its existence, it automatically passed as an asset to the reorganized corporation under the plan of reorganization. It is asserted by the reorganized corporation, Metal, that it also was unaware of this claim when it assented to the plan of reorganization. It would follow, therefore, that its value was not considered in the plan of reorganization. It would seem inequitable that the trustee would have no right under such circumstances to recover the undisclosed asset for the benefit of the creditors of the insolvent corporation even though this might require postconfirmation modification of the plan of reorganization. However, this is not the situation before us for here the trustee set forth in his petition to the district court that he was of the opinion the claim against Marine had little merit or value. In essence his petition was not only for permission to pay the Marine claim but also by necessary implication to abandon his alleged counterclaim against that creditor.[2] The district court decision did not adjudicate the merits of the claim against Marine; it merely held that the trustee did not have to enforce it. Whether the district court would have summary jurisdiction to enforce this claim either to protect its own jurisdiction *sua sponte*, cf. In re Thomas, 7 Cir., 1953, 204 F.2d 788, 41 A.L.R.2d 941, or upon formal and timely petition by

1. "§ 216. *Provisions of plan.*
"A plan of reorganization under this chapter—
\* \* \* \* \*
"(13) may include provisions for the settlement or adjustment of claims belonging to the debtor or to the estate; and shall provide, as to such claims not settled or adjusted in the plan, for their retention and enforcement by the trustee \* \* \*."

2. It would seem that the vesting of the title to assets of this sort in the reorganized corporation required by the purposes of Chapter X of the Bankruptcy Act should occur only after proper abandonment by the trustee, which abandonment is confirmed by the order we uphold here. See Schmidt v. Esquire Inc., 7 Cir., 1954, 210 F.2d 908, certiorari denied Schmidt v. Crowell-Collier Pub. Co., 1954, 348 U.S. 819, 75 S.Ct. 31, 99 L.Ed. 646.

proper parties, see Governor Clinton Co. v. Knott, 2 Cir., 1941, 120 F.2d 149, decided under the old § 77B, has not been presented to us on this appeal.

Under the special circumstances presented here[3] we are of the opinion that the district court did not abuse its discretion in issuing the order appealed from nor was it reversible error for this limited order to have been issued without a full hearing on the merits of the asserted claim.

A judgment will be entered affirming the order of the district court.

---

3. The amount claimed, discounted by the possibility of an adverse judgment in litigation with Marine may, in the discretion of the court, be held insubstantial when balanced against the expense of litigation, continuance of the trustee's services, and a modification of the plan and supplementary dividend if the trustee prevailed.